UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Jesse Cere,

             Plaintiff

v.

Jeremy Bean, et al.,

             Defendants

Case No. 2:25-cv-00977-CDS-NJK

**Screening Order**

Plaintiff Jesse Cere, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed an application to proceed *in forma pauperis*. ECF Nos. 1-1, 4. The matter of the filing fee will be temporarily deferred. I now screen Cere's civil rights complaint under 28 U.S.C. § 1915A.

**I.      Screening standard**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle them to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Screening of complaint**

In the complaint, Cere sues multiple defendants for events that took place while Cere was incarcerated at High Desert State Prison ("HSDP"). ECF No. 1-1 at 1. Cere sues defendants Warden Jeremy Bean, NDOC Director James Dzurenda, Associate Warden Julie Williams, Lt. Jonathan Binder, Lt. Kristopher Ledingham, Sgt. Rasheed Curry, Sgt. Donald Quinn, Sgt. C. Flynn, Sgt. Benjamin Estill, Senior Corrections Officer B. Jones, Charge Nurse Mary, and Does. *Id.* at 2-3. Cere brings two claims and seeks declaratory and monetary relief.[1] *Id.* at 9, 14.

On October 11, 2024, Dzurenda directed Williams and Bean to relocate the Special Management/Transition Unit ("SMU") from Unit 8 C/D to Unit 4 C/D. *Id.* at 4-5. Dzurenda was responsible for taking proper measures to protect inmates. *Id.* at 5. Cere was part of the relocation. *Id.* at 4–5. For days and weeks leading up to February 7, 2025, Ledingham, Estill, Curry, Williams, Bean, Binder, Quinn, Jones, Flynn, and Does routinely observed water leaking from the Unit 4 C-pod tier sink near the front entry door and water pooling excessively. *Id.* at 6. The leakage was caused by a defective water fountain that had no drain. *Id.* Those defendants were aware of the slip

---

[1] Inmate Toney White helped prepare the complaint. ECF No. 1-1 at 14.

hazards caused by the leakage on a slick concrete surface but ignored the risk of harm and did not repair or report the hazard. *Id.* at 6–7.

Around 3:50 p.m. on February 7, 2025, Cere slipped in the pool of water during recreational activities in the hazardous area and substantially injured his back, hip, forearm, and previously broken right hand. *Id.* at 7. Cere initiated a man down emergency to seek medical care and have someone assess his injuries. *Id.* at 9. However, Mary, McRoberts, and Does "rebuffed" Cere and refused to assess, evaluate, and treat his injuries. *Id.* Instead, Cere was left for hours to loiter in the unit activity area in pain. *Id.* at 9–10.

On February 9, 2025, Cere contacted Curry about his injuries but was "rebuffed." *Id.* at 10. On February 10, 2025, Cere sought treatment and care from Binder, Quinn, Jones, and Doe nurse but they refused. *Id.* On February 11, 2025, Williams and Jones would not help Cere with his injuries. *Id.* at 11. On February 14, 2025, Bean, Flynn, and Binder would not help Cere with his injuries. *Id.* On February 18, 2025, Ledingham would not help Cere with his injuries. *Id.*  On February 24, 2025, Mary and McRoberts would not help Cere with his injuries. *Id.*

Cere brings claims for Eighth Amendment threat to safety (claim 1) and deliberate indifference to serious medical needs (claim 2). *Id.* at 4, 9.

### 1. Claim 1

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.

To establish violations of these duties, the prisoner must establish that prison officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all prisoners are exposed. *Id.* at 843.

"Slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)). However, under a narrow exception, if an inmate has a known exacerbating condition, "[s]lippery floors without protective measures could create a sufficient danger to warrant relief." *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (citing *LeMaire*, 12 F.3d at 1457). In *Frost*, prison guards knew the plaintiff was on crutches and had fallen and injured himself several times. *Id.* Despite this knowledge, the guards did not take any measures to protect the plaintiff from the slippery shower floors. *Id.*

I find that Cere fails to state a colorable claim for unsafe prison conditions. Based on the allegations, it was well known that the unit had water on the floor near the fountain/sink. Although Cere slipped and fell, Cere does not allege whether he had a known exacerbating condition or whether there were any protective measures such as signs. I dismiss this claim without prejudice and with leave to amend.

### 2. Claim 2

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment

5

when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer*, 511 U.S. at 828. "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

I find that Cere fails to state a colorable claim for deliberate indifference to serious medical needs. Although Cere alleges that he fell and "substantially" injured his back, hip, forearm, and previously broken right hand, Cere has not described what "substantially injured" means. Although Cere alleges that nobody would look at his injuries for weeks after, it is unclear to me what injuries Cere had at the time of the fall and what injuries he acquired from the delay and/or lack of treatment. Cere must demonstrate that the failure to respond to his possible medical need led to further injury. I dismiss this claim without prejudice and with leave to amend.

### III.      Leave to Amend

Although I grant Cere leave to amend, I do not grant Cere leave to amend in any way that he sees fit. Cere has leave to amend to allege additional true facts to show Eighth Amendment unsafe prison conditions and deliberate indifference to serious medical needs, if he can. I do not give Cere leave to assert new claims.

If Cere chooses to file a first amended complaint, he is advised that an amended complaint replaces the complaint, so the first amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the first amended complaint must contain all facts and claims and identify all defendants that he intends to sue. He must file the first amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Cere must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights.[2] He must file the first amended complaint by April 24, 2026. If Cere chooses not to file a first amended complaint curing the stated deficiencies, I will dismiss this action without prejudice for failure to state a claim. Alternatively, Cere may file a notice with the court to voluntarily dismiss this action.

---

[2] Cere should take note that a defendant is only liable under 42 U.S.C. § 1983 if they personally participated in the violations. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983").

IV.      Conclusion

I therefore order that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

The Clerk of the Court is directed to: (a) file the complaint (ECF No. 1-1); (b) send Cere a courtesy copy of the complaint; and (c) send Cere the approved form for filing a § 1983 complaint with instructions.

I order that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend.

I order that, if Cere chooses to file a first amended complaint curing the deficiencies of his complaint, as outlined in this order, Cere must file the first amended complaint by April 24, 2026. If Cere chooses to file a first amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

I order that, if Cere chooses not to file a first amended complaint curing the deficiencies outlined in this order, I will dismiss this action without prejudice for failure to state a claim. Alternatively, Cere may file a notice with the court to voluntarily dismiss this action.

Dated: March 24, 2026

_____
Cristina D. Silva
United States District Judge

8